GRAHAM & BOYLE *v.* UNDERWOOD.—PAUL JUGE & Co., Intervenors.

The right of the master of a vessel to sell the cargo, in case of necessity, for the benefit of all con-
cerned, recognized in certain cases by the commercial law, for the benefit of navigation, is an excep-
tion to the general rule contained in Article 2427 of our Code, and must be strictly construed.
Where a cargo is sold without such a necessity as will justify the sale, it is an act of barratry on the
part of the captain, and confers no title upon the purchaser.

APPEAL from the District Court of the Parish of Jefferson, *Burthe,* J.
*Bonford, Singleton & Clack,* for plaintiffs. *Durant & Hornor,* for defendant
and appellant. *Michel & Koontz,* for intervenors.

BUCHANAN, J. A flatboat loaded with staves consigned to plaintiffs, got
aground upon a bar in the Mississippi. She was unloaded, and her cargo piled
up on the bar; in which condition it was sold by the master of the flatboat to
defendant.

The law as to the right of the master to sell the cargo, in case of necessity, *for
the benefit of all concerned,* is laid down in 19 La., pp. 42, 49 and 54.

This right, recognized in certain cases by the commercial law, for the benefit
of navigation, is an exception to the general rule contained in Article 2427 of
our Code, and must be very strictly construed.

The circumstances of the present case do not disclose that urgent necessity
which alone would have authorized the sale of this flatboat and her cargo of
staves, under the authorities; but the contrary. The sacrifice of this property,
for one-fourth of its value, was an act of barratry on the part of the master of the
flatboat which conferred no title upon the purchaser.

Judgment affirmed, with costs.

LAND, J., absent.